UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALTHNETT TURNER,<br><br>Plaintiff,<br><br>v.<br><br>MECKLENBURG COUNTY CLERK<br>OF SUPERIOR COURT and NC<br>ADMINISTRATIVE OFFICE OF<br>THE COURTS,<br><br>Defendants. | Civil Action No. 3:17cv307<br><br>Jury Trial Demanded |

## COMPLAINT

Comes now the Plaintiff, Althnett Turner, proceeding pro se, and submits this Complaint:

### NATURE OF COMPLAINT

1. This is an action brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including right to be reasonably accommodated, protected by the Americans with Disabilities Act, as amended by The Americans with Disabilities Act Amendments Act of 2008, and against Defendants for violation of Plaintiff's rights protected by 42 U.S.C. § 1981.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Althnett Turner, ("Turner" or "Plaintiff") is a citizen of and a resident of Mesa, Maricopa County, Arizona.

1

3. Defendants, Mecklenburg County Clerk of Superior Court and NC Administrative Office of the Courts ("Defendants") are state agencies, and may be served with process to Jonathan R. Harris, General Counsel, at PO Box 2448, Raleigh, NC 27602.

4. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendants are subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6. Turner, race black, began employment with Defendants on or about July 21, 2008.

7. Turner worked as a Deputy Courts Clerk for Defendants at the time of her termination on or about September 29, 2014.

8. Turner was diagnosed with gout by her physician and Defendants were aware of Turner's condition.

9. Turner suffers from gout, which makes performing her day-to-day tasks difficult.

10. Turner's gout is a disability within the meaning of the Americans with Disabilities Act (ADA) as it substantially limits multiple major life activities, including, but not limited to walking.

11. Turner was able to perform her job as a Deputy Courts Clerk despite her disability with reasonable accommodations.

12. Turner requested certain reasonable accommodations, including time off work and to be allowed to wear alternate footwear. Defendants denied Turner's request, which caused

2

her to be out of work for the period of time from September 15, 2014 through September 19, 2014. Turner was subsequently discharged on September 29, 2014.

13. Defendants provided no reason for Turner's termination on September 29, 2014. However, upon information and belief, Turner's request of, or need for, a reasonable accommodation is what led to her discharge.

14. Any reason provided by Defendants for Plaintiff's termination now is pretext as she was qualified for her job by training and experience and was performing acceptably at termination.

15. At all times relevant Turner was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA as she had been performing all of the essential functions or could have performed the essential functions with a reasonable accommodation.

16. Defendants were a "covered" employer as defined in 42 U.S.C. § 12111(5)(A) of the ADA at all relevant times.

17. Additionally, Turner complained about treatment that she believed was discriminatory on the basis of her race, black, which was a protected activity.

18. On March 27, 2015, Turner filed a charge of discrimination on the basis of race, age, and disability with the Equal Employment Opportunity Commission (EEOC). (A redacted copy of that Charge is attached hereto as Exhibit A).

19. On August 24, 2016, the EEOC issued Turner a Cause Determination. (A redacted copy of that Determination is attached hereto as Exhibit B). The Determination found reasonable cause to believe that Turner was "discharged for participating in a protected activity based on her race" and "there is reasonable cause to believe that Respondent violated the Americans with Disabilities Act of 1990, as amended."

20. Turner received her Notice of Right to Sue from the EEOC with a mailing date of January 18, 2017. (A redacted copy of the Notice is attached hereto as Exhibit C).

21. On March 15, 2017, the EEOC issued a letter to Turner advising her that her previously issued Notice of Right to Sue was only on her Title VII claim, and that they would be reissuing a corrected Notice. (A redacted copy of the letter is attached hereto as Exhibit D).

22. The corrected Notice of Right to Sue from the U.S. Department of Justice was issued on March 9, 2017.

23. This action is filed within ninety (90) days of Turner's receipt of the Notice of Right to Sue.

## FIRST CLAIM FOR RELIEF
### (Violation of ADA on the basis of Discrimination)

24. Plaintiff incorporates by reference the allegations of paragraphs 1 through 22 of this complaint.

25. Plaintiff had a disability as defined by the ADA, including the amendments, at the time she was terminated from employment by Defendants.

26. Plaintiff was a member of the protected class at all times relevant to this complaint based on her disability.

27. Defendants terminated Plaintiff because of her disability even though she was otherwise qualified for her position.

28. Defendants' discriminatory conduct caused and continues to cause Plaintiff to suffer monetary loss and emotional distress.

29. Whatever reason Defendants claim as reason for termination is pretext.

30. Therefore, Plaintiff now sues Defendants for violation of the Americans with Disabilities

4

Act of 1990, 42 U.S.C. § 12010, by means of discrimination.

## SECOND CLAIM FOR RELIEF

### (Violation of ADA for Failure to Provide a Reasonable Accommodation)

30. Plaintiff incorporates by reference the allegations of paragraphs 1 through 22 of this complaint.

31. Plaintiff was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA with a disability, which substantially limits a major life activity.

32. Defendants were aware of Plaintiff's disability, and her need for a reasonable accommodation.

33. Defendants intentionally, with malice and reckless indifference of Plaintiff's rights, violated the ADA by refused to accommodate her disability and subjecting her to disparate treatment.

34. Therefore, Plaintiff now sues Defendants for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12010, for failing to provide a reasonable accommodation.

## THIRD CLAIM FOR RELIEF
### (Retaliation under 42 U.S.C. § 1981)

35. Plaintiff incorporates by reference the allegations of paragraphs 1 through 22 of this Complaint.

36. Plaintiff engaged in a protected activity, Defendants were aware of her protected activity and her discharge was causally related to her protected activity.

37. Defendants' discharge of Plaintiff in retaliation for Plaintiff engaging in legally protected activity violated Plaintiff's rights under 42 U.S.C. § 1981.

38. Defendants' termination of Plaintiff in violation of 42 U.S.C. § 1981 caused

Plaintiff injuries including but not limited to, lost wages, salary, benefits; and emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

39. Therefore, Plaintiff sues Defendants for retaliation in violation of 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendants to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory/unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendants for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendants' actions as alleged herein.

C. The Court enter an award in favor of Plaintiff and against Defendants for reasonable expenses and costs.

D. This matter be tried by a jury

E. The judgment bear interest at the legal rate from the date of filing this action until paid.

F. Defendant be taxed with the costs of this action; and

G. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted, this, the 7th of June, 2017.

Althnett Turner
245 North 56th Street
Unit 203
Mesa AZ 85205
602.741.3033

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 430-2015-01093 |

_____ and EEOC
State or local Agency, if any

**Name** (indicate Mr., Ms., Mrs.): Ms. Althnett Turner
**Home Phone** (Incl. Area Code): [redacted]
**Date of Birth**: [redacted]

**Street Address**: [redacted]
**City, State and ZIP Code**: [redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: MECKLENBURG COUNTY COURTS
**No. Employees, Members**: 500 or More
**Phone No.** (Include Area Code): (704) 686-0420
**Street Address**: 834 East Fourth Street, Charlotte, NC 28202

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 07-07-2014
Latest: 09-29-2014
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

On or around July 2008 I was hired as a Deputy Court Clerk for the above organization. On or around July 10 2014, and August 12 (2014), I informed my employer of my disability and the request of a reasonable accommodation. My request was denied, and I was told to go home. On or around August 1, 2014, I received my annual evaluation which resulted in me not getting a raise after six years. Similar situated coworkers not of my race, and younger than me, did receive a raise. On or around September 15, 2014 thru September 19, 2014, I was again forced to be out of work for my disability due that my employer would not grant my reasonable accommodation. This was unpaid due that I did not have any PTO. On September 22, 2014, I returned to work. On September 29, 2014, I was discharged.

On September 29, 2014, I was discharged by two of the male Assistant Clerks. No reason was given for the actions taken against me. I was informed that I would receive something in the mail. I never did.

I believe that I have been discriminated against because of my race (Black), in violation of the Title VII Civil Rights Act of 1964, as amended, my age (60), in violation of the Age Discrimination in Employment Act of 1967, as amended, and because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Mar 27, 2015
Charging Party Signature: [signature]

**NOTARY** – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Charlotte District Office**



129 West Trade Street, Suite 400
Charlotte, NC 28202
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Charlotte Status Line: (866) 408-8075
Direct Dial: (704) 344-6686
TTY (704) 344-6684
FAX (704) 954-6410
Website: www.eeoc.gov

EEOC Number: 430-2015-01093C

Althnett Turner                                      Charging Party

Kathryn H. Shields
Assistant Attorney General
NC Department of Justice
Services to State Agency Section                     Respondent
P.O. Box 629
Raleigh, NC 27602-0629

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of subject charge.

Evidence shows Charging Party was employed with Respondent as a Deputy Clerk. Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended; Age Discrimination in Employment Act of 1967, as amended (ADEA); and Americans with Disabilities Act of 1990, as amended (ADA). Timeliness and all other jurisdictional requirements for coverage have been met.

Examination of the evidence supports Charging Party claim that she was discharged for participating in a protected activity based on her race (African American). The Respondent was made aware of Charging Party's activity. There is reasonable cause to believe that Respondent violated Title VII.

There is insufficient evidence to support Charging Party was subjected to employment discrimination based on her age.

Further examination of the evidence shows Charging Party is a qualified individual with a disability within the meaning of the ADA. Respondent had knowledge of the disability; Charging Party made a request for an accommodation; and Charging Party could perform the essential functions of the Deputy Clerk position with a reasonable accommodation. The evidence shows that in lieu of providing Charging Party with a reasonable accommodation because of her health condition, Respondent required Charging Party to take sick, annual, bonus or leave without pay. Thus, the evidence supports Charging Party's claim that she was denied a

reasonable accommodation. Accordingly, there is reasonable cause to believe that Respondent violated the Americans with Disabilities Act of 1990, as amended.

Upon finding that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practice by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a resolution of this matter. The confidentiality provisions of Sections 706 and 709 of Title VII, Sections 707 of the ADA, and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

AUG 24 2016

Date

Reuben Daniels, Jr.



VG:KDW:KLF
DJ 170-54E-0

U.S. Department of Justice
Civil Rights Division

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

JAN 1 8 2017

CERTIFIED MAIL 7010 0290 0000 2018 3094
RETURN RECEIPT REQUESTED

Ms. Althnett Turner

Re: Althnett Turner v. North Carolina Dept. of Justice, Services to State Agencies Section, EEOC Charge No. 430-2015-01093

Dear Ms. Turner:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Charlotte District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Reuben Daniels, Jr., District Director, EEOC, 129 W. Trade Street, Ste. 400, Charlotte, NC 28202.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

By:

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc: North Carolina Dept. of Justice, Services to State Agencies Section c/o Kathryn H. Shields
EEOC, Charlotte District Office

EXHIBIT C

EEOC Form 161 (11/16)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Althnett Turner

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2015-01093 | Hattie W. Murphy, Investigator | (704) 954-6531 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *ADEA*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Reuben Daniels, Jr.,
Director

JAN 1 8 2017
(Date Mailed)

Enclosures(s)

cc: Kathryn H. Shields
North Carolina Department of Justice
Services to State Agencies Section
PO Box 629
Raleigh, NC 27602-0629



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street, Suite 400
Charlotte, NC 28202
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Charlotte Status Line: (866) 408-8075
Direct Dial: (704) 344-6686
TTY (704) 344-6684
FAX (704) 954-6410
Website: www.eeoc.gov

March 15, 2017

Althnett Turner

Dear Ms. Turner:

    This is in response to your inquiry on your ADA claim in EEOC Charge No. 430-2015-01093C. The August 24, 2016 Letter of Determination found reasonable cause to believe the N.C. Department of Justice was in violation of Title VII and the Americans with Disabilities Act. After efforts to voluntarily resolve the matter failed, these claims were referred to the U.S. Department of Justice. It was their decision whether to file litigation on your behalf or issue you a Notice of Suit Rights. They inadvertently issued the Notice only on your Title VII claim. We contacted the Department of Justice on your behalf and they stated they will correct the matter by issuing you a Notice of suit Rights for the ADA claim.

Sincerely,

Reuben Daniels, Jr.
District Director



U.S. Department of Justice

Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

**MAR 0 9 2017**

DJ# 205-8-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Althnett Turner

    Re:    EEOC Charge Against:    North Carolina Department of Justice
           EEOC No.:                   430-2015-01093C
           DJ#:                             205-8-0

Dear Ms. Turner:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

    It has been determined that the Department of Justice (the Department) will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation on your case was unsuccessful by the EEOC. <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

    Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).

EXHIBIT E

We are returning the files in this matter to EEOC's District Office. If you or your attorney, have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

Mr. Reuben Daniels, Jr., District Director
Equal Employment Opportunity Commission
Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

Enclosed you will find a list of state resources and a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

T.E. Wheeler, II
Acting Assistant Attorney General

BY: *Amanda Maisels*
Amanda Maisels
Deputy Chief
Disability Rights Section

Enclosure:
North Carolina State Resources
Notice of Rights under the ADAAA

cc: Kathryn H. Shields, Assistant Attorney General, North Carolina Department of Justice
EEOC- Charlotte District Office

Kathryn H. Shields
Assistant Attorney General
North Carolina Department of Justice
Services to State Agency Section
P.O. Box 629
Raleigh, NC 27602-0629