UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 3:17-cv-307-FDW-DCK

| | |
|---|---|
| ALTHNETT TURNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MECKLENBURG COUNTY CLERK )<br>OF SUPERIOR COURT and N.C. )<br>ADMINISTRATIVE OFFICE OF )<br>THE COURTS, )<br>)<br>Defendants. ) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF DEFENDANTS** |

NOW COME Defendants Mecklenburg County Clerk of Superior Court (hereinafter "Clerk of Court") and N.C. Administrative Office of the Courts (hereinafter "NCAOC"), by and through Josh Stein, Attorney General, and Kathryn H. Shields, Assistant Attorney General, and hereby submits a memorandum of law in support of their motion to dismiss the plaintiff's complaint pursuant to Rules 12(b)(2), & (5) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff filed her complaint on June 7, 2017, wherein she alleges Defendants are in violation of the Americans with Disabilities Act as amended (hereinafter "ADA") for failure to make reasonable accommodations and that they violated her rights under 42 U.S.C. § 1981 when they terminated her.

Defendants move to dismiss the plaintiff's complaint for insufficient service of process which deprives the court of personal jurisdiction over them. Specifically, the

plaintiff served Defendants with process herself instead of furnishing copies to a proper person to serve process, and the plaintiff did not serve Defendants respective agents for service of process. Accordingly, Defendants request dismissal of the Plaintiff's complaint with prejudice.

## STATEMENT OF FACTS

Plaintiff filed an EEOC charge, alleging discrimination on the basis of race, age, and disability on March 27, 2015. [DE-1, pg. 7] The EEOC issued a Determination as to Plaintiff's charge on August 24, 2016. [DE-1, pgs. 8-9] The Department of Justice issued a Right to Sue letter to Plaintiff on January 18, 2017, and issued an amended Right to Sue letter on March 9, 2017. [DE-1, pgs. 10, 13]

On June 7, 2017, Plaintiff filed her complaint and caused summonses to be issued to Defendants the same day. [DE-2]

The summonses list Defendants as Administrative Office of the Courts and Mecklenburg County Clerk of Superior Court and their addresses as 832 East 4th St., Charlotte, NC. [DE-2, pgs. 1, 3] This is the address of the Mecklenburg County courthouse. Plaintiff attempted to serve Defendants by mailing copies of the summons and complaint to Defendants at the Mecklenburg County courthouse address. [DE-3, pg. 1] The return of summons filed by Plaintiff indicates that the plaintiff herself mailed process to Defendants. [DE-3, pgs. 2, 6, 7] Defendant NCAOC has to date been unable to locate the copy of the summons and complaint Plaintiff addressed to it at the Mecklenburg County courthouse.

2

# ARGUMENT

I. PLAINTIFF'S COMPLAINT IS SUBJECT TO DISMISSAL ON THE BASIS OF INSUFFICIENT SERVICE OF PROCESS ON DEFENDANTS WHICH DEPRIVES THIS COURT OF PERSONAL JURISDICTION.

Defendants move to dismiss on the grounds of insufficiency of service of process and lack of personal jurisdiction under Rules 12(b)(2) and 12(b)(5).

A. Insufficient Service Of Process Deprives The Court Of Personal Jurisdiction.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998). Rule 4 of the Federal Rules of Civil Procedure provides the means of proper service of process. Fed. R. Civ. P. 4. Where defendants are given actual notice, "the rules, in general are entitled to a liberal construction." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Additionally, pleadings constructed by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (U.S. 1972). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984). The plaintiff bears the burden of establishing that service of process complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

B. Plaintiff's Service of Process on Defendants Was Insufficient Because Plaintiff Did Not Serve the Appropriate Persons.

Under the Federal Rules of Civil Procedure Rule 4(j)(2)(B), "a state, a municipal corporation, or any other state-created governmental organization that is subject to suit" may be served by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B).

According to the North Carolina Rules of Civil Procedure Rule 4(j)(4)(a), an agency of the State must be served by "delivering a copy of the summons and of the complaint to the process agent appointed by the agency in the manner hereinafter provided." N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a). If an agency of the State does not have a process agent, Rule 4(j)(4)(c) provides that service is achieved by "delivering a copy of the summons and of the complaint to the Attorney General or to a deputy or assistant attorney general." N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(c). Furthermore, Rule 4(j)(4)(d) defines "agency of the State" to include "every agency, institution, board, commission, bureau, department, division, council, member of Council of State, or officer of the State government of the State of North Carolina." N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(d).

Failure to deliver the summons to the process agent or other appropriate person is grounds for dismissal. *See Cooper v. Stanback*, 2015 U.S. Dist. LEXIS 49818, at *6–8 (M.D.N.C. Apr. 15, 2015) (holding that the court was without jurisdiction when "Plaintiff sent a copy of the summons and complaint to [defendant District Attorney] by certified mail to the Durham County Judicial Building," rather than process agent); *Davis v. Close*, 2014 U.S. Dist. LEXIS 185400, at *2–4 (M.D.N.C. Mar. 7, 2014) (dismissing where

4

plaintiff caused process to be served on public defender defendants at their office, rather than process agent); *see also Schaeffer v. Village of Ossing*, 58 F.3d 48, 49 (2d. Cir 1995) (upholding dismissal of municipal defendant where process was not served on appropriate person as defined by statute).

As agencies of the State, Defendants NCAOC and the Mecklenburg County Clerk of Superior Court are subject to service outlined by Rule 4 of the N.C. Rules of Civil Procedure. Defendant NCAOC has an assigned process agent, namely Mr. Jonathan R. Harris, General Counsel. *Process Agent Directory*, N.C. Dep't of Justice, http://www.ncdoj.gov/About-DOJ/Legal-Services/Legal-Resources/Process-Agent-Directory.aspx. However, a copy of the complaint and summons was not addressed to or delivered to Mr. Harris in accordance with the N.C. Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a). Instead, according to Plaintiff's Return of Service, the summons was directed to NCAOC, and addressed to the Mecklenburg County courthouse. [*See* DE-2, pg. 1; DE-3, pg. 1] According to Plaintiff's Return of Service, Mr. Harris was not served with process. In fact, a copy of the summons and complaint directed to Defendant NCAOC has not been located at the Mecklenburg County Courthouse.

The Mecklenburg County Clerk of Superior Court is a state judicial official of the Superior Court division of the State's General Court of Justice. N.C. Const. art. IV, §§ 2, 9; N.C. Gen. Stat. §§ 7A-4, -40. The Mecklenburg County Clerk of Superior Court does not have a designated process agent. As such, process must be served on the Attorney General or a deputy or assistant attorney general. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(c). However, as with the service of process on Defendant NCAOC, Plaintiff's return of service

indicates that the summons and complaint were directed to the Clerk directly, and addressed to the Mecklenburg County courthouse. [*See* DE-2, pg. 3; DE-3, pg. 1]

As process was not served on the appropriate individuals in accordance with the Federal Rules of Civil Procedure, Defendants move to dismiss under 12(b)(5) for insufficient service of process and 12(b)(2) for lack of personal jurisdiction.

> C. Plaintiff's Service of Process on Defendants Was Insufficient Because Plaintiff Personally Mailed the Complaint and Summons.

The plaintiff is responsible for furnishing a copy of the summons and complaint to the person making service. Fed. R. Civ. P. 4(c)(1). Pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). However, even by *pro se* plaintiffs, attempts by a party to the complaint to serve defendants by certified mail are insufficient. *See Deo v. N.C. Dep't of Env't and Nat. Resources*, 2014 U.S. Dist. Lexis 103204, at *3–5 (E.D.N.C. July 29, 2014); *Kelley v. Enviva, LP*, 2014 U.S. Dist. LEXIS 44600, at *3-5, 2014 WL 1323186 (E.D.N.C. Mar 31, 2014).

Moreover, "[a]lthough service by mail is allowed . . . . 'It is well-established that this rule [4(c)(2)] prohibits service of process by a party in all forms. Thus a plaintiff herself may not effectuate service by sending a copy of the summons and complaint through certified mail.'" *Kelley*, 2014 U.S. Dist. LEXIS 44600, at *3-5 (quoting *Wilson v. Suntrust Bank, Inc*., 2011 U.S. Dist. LEXIS 51809, at *2, 2011 WL 1706763 (W.D.N.C. May 4, 2011)); *see also Constien v. United States*, 628 F.3d 1207, 1213–15 (10th Cir. 2010) (examining prior versions of the rule and legislative history to confirm that "the rule

6

contains no mailing exception to the nonparty requirement for service"); *Filloramo v. United Event Serv.*, 2015 U.S. Dist. LEXIS 65298, at *5 (W.D.N.C. Mar. 25, 2015) ("[A] plaintiff cannot serve a defendant by personally placing the summons and complaint in the mail.").

Ultimately, "[d]ismissal of a complaint may be appropriate when the plaintiff personally serves a defendant instead of perfecting service through a non-party." *Hill v. McCrory*, 2016 U.S. Dist. LEXIS 115569, at *8 (W.D.N.C. Aug. 29, 2016); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829, (11th Cir. 2007) (affirming district court's decision to dismiss where plaintiff had mailed summons personally); *Knotts v. Univ. of N.C. at Charlotte*, 2011 U.S. Dist. Lexis 13386, at *23–25 (W.D.N.C. Feb. 10, 2011) (dismissing complaint where plaintiff had mailed summons personally).

In the present action, there is no question that Plaintiff failed to comply with the requirement as to who may serve process. Instead of delivering a copy of the summons and complaint to another person for service, Plaintiff's return of service indicates that she personally served the Defendants by placing in the mail an envelope containing a copy of the summons and complaint addressed to each and mailing it certified mail. [*See* DE-3, pg. 1–2, 6–7] In her affidavits regarding service of process, Plaintiff attests to this very fact. [*See* DE-3; pg. 6–7]

Consequently, Defendants have not been properly served which deprives this Court of personal jurisdiction over them in this action. Since Plaintiff did not comply with the requirements of the Federal Rules of Civil Procedure as to who may serve process,

7

Plaintiff's complaint should be dismissed on the basis of Rules 12(b)(5) for insufficient service of process and 12(b)(2) for lack of personal jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint should be dismissed for insufficiency of service of process, which deprives this Court of jurisdiction over Defendants.

Respectfully submitted, this the 24th day of July, 2017.

JOSH STEIN
Attorney General

/s/ Kathryn H. Shields
Assistant Attorney General
N.C. State Bar No. 43200
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Telephone: 919-716-6800
Email: kshields@ncdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record registered with the CM/ECF system.

The undersigned further certifies that she served the following non CM/ECF participant by depositing a copy of same with the United States Postal Service, first-class postage prepaid, and addressed as follows:

> Althnett Turner
> 245 North 56th Street, Unit 203
> Mesa, AZ 85205
> *Pro Se Plaintiff*

This the 24th day of July, 2017.

/s/ Kathryn H. Shields
Assistant Attorney General