UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00307-FDW-DCK

| ALTHNETT TURNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MECKLENBURG COUNTY CLERK OF SUPERIOR COURT and N.C. ADMINISTRATIVE OFFICE OF THE COURTS, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 7) pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, arguing that Plaintiff had improperly served the Summons and Complaint on Defendants. Defendants' motion, filed on July 24, 2017, argued Plaintiff attempted to serve Defendants by mailing copies of the summons and complaint to Defendants at the Mecklenburg County courthouse address. Defendants contend the summons were neither properly addressed nor delivered, and Defendants argue in their motion that they have not been able to locate a copy of the summons and complaint. (Doc. No. 8).

On July 24, 2017, the same days as to filing of Defendants' motion, the Court issued a "Roseboro Notice" informing Plaintiff, who appears *pro se*, of the burden she carried in responding to the motion to dismiss. (Doc. No. 9). In response to the Roseboro Notice, Plaintiff submitted "Proof of Service" documents purportedly indicating service of summons and signed by a process server on August 3, 2017. (Doc. No. 10). The Court notes the Summonses included with these Proof of Service documents were all issued June 7, 2017, and all indicate the address of 832 East

1

4th Street, Charlotte NC 28202, although at least one summons identifies "Mecklenburg County Clerk of Court" and the other indicates "Administrative Office of the Courts." (Doc. No. 10). Defendants did not file a reply brief in support of their motion to dismiss following Plaintiff's submission, and instead, Defendants filed their Answer to the Complaint on August 21, 2017.

As noted by the Fourth Circuit, when clearly insufficient process has been brought to the Court's attention, the Court cannot ignore the rules, but may allow an opportunity to remedy service.

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984). Even so, courts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process. See Miller v. Nw. Region Library Bd., 348 F.Supp.2d 563, 567 (M.D.N.C. 2004).

It appears from the face of Plaintiff's response to the instant motion and Defendants' subsequent Answer that Plaintiff timely cured any defect in service and that Defendants have actual notice of Plaintiff's Complaint and claims against them. In light of the pleadings appearing on the docket in this case, the Court DENIES Defendants'' motion.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. No. 7) is DENIED.

IT IS SO ORDERED.

Signed: November 27, 2017

Frank D. Whitney
Chief United States District Judge